[No. 9676.  Department One. — April 25, 1887.]

FRANCIS LINDALL, RESPONDENT, v. GEORGE C. BODE, APPELLANT.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — INSTRUCTIONS — BURDEN OF PROOF — UNAVOIDABLE ACCIDENT. — The action was brought by the employee of a warehouseman against the latter to recover for personal injuries caused by the fall of certain merchandise through the alleged negligence of the defendant in not causing it to be properly piled. The court instructed the jury that "where, in the due exercise of his duties, the employee is injured through any appliance or surroundings of the business, and it does not appear that the employee was in fault, the burden is on the employer to show that he himself was free from fault." *Held*, that the instruction was erroneous, as it took from the jury the

consideration of the question whether or not the injury was caused by unavoidable accident.

ID. — PROOF OF NEGLIGENCE. — In such a case, the plaintiff, in order to recover, must prove, as against the defendant, enough to show a fair presumption of negligence, and of resulting injury to himself.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Pringle & Hayne,* and *E. F. Preston,* for Appellant.

*L. Quint,* and *H. Dorsey Gough,* for Respondent.

FOOTE, C.—The plaintiff was employed as a truckman in and about the warehouse of the defendant, Bode, in which, among other goods, were stored bags of coffee, heaped up in large piles.

While engaged under the orders of the defendant in removing on a truck certain bags of coffee from a pile which was of considerable height, one or more of those lying upon another pile near by fell upon the plaintiff, and drove the handle of the truck through one of his hands, lacerating the flesh and shattering some of the bones thereof.

To recover damages for the injury thus sustained the plaintiff brought this action, alleging, among other things, that the negligence of the defendant in not causing the bags of coffee to be properly piled had been the proximate cause of the injury.

The action was tried before a jury, who returned a verdict against the defendant, and from a judgment thereupon rendered, he has appealed.

There are several grounds urged by the latter for the reversal of the judgment, but there is only one of them which we deem material, and that is, the granting by the court, over the objection of the defendant, of a certain

instruction to the jury on the law of the case.   It is as follows:—

"Where, in the due exercise of his duties, the employee is injured through any appliances or surroundings of the business, and it does not appear that the employee was in fault, the burden is on the employer to show that he himself was free from fault."

That instruction takes away from the jury the consideration of the question as to whether or not the injury was caused by unavoidable accident.

The jury would, under it, have been justified in finding against the defendant, even if the bags of coffee had been thrown down by an earthquake, if the employee was without fault, unless the defendant had affirmatively shown in rebuttal that he was free from all blame.

As well might it be said that if a brick should fall from a wall and injure the innocent passer-by, the owner of the building would be responsible in damages on proving that the brick fell from his building without any apparent or ascertainable cause, unless the owner could affirmatively show himself free from blame.

In cases of that class, as it seems to us, the plaintiff is bound to prove, as against the defendant, enough to show a fair presumption of negligence, and of resulting injury to himself.   (Shearman and Redfield on Negligence, 3d ed., secs. 12, 13, and cases cited.)

The cases cited to us by the respondent, do not, as we understand them, sustain the proposition for which he contends.

The judgment should therefore be reversed, and cause remanded for a new trial.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial.